Commonwealth *v.* Harris, Appellant.

Argued May 6, 1971. Before BELL, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

*Nino V. Tinari,* for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Ivan Michaelson Czap,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 12, 1971:

In 1968, defendant-appellant, Eugene Harris, was convicted by a jury of voluntary manslaughter.

Early in the morning of April 1, 1968, Stanley Wybranski, a milkman, was shot and killed a few moments after he had delivered an order of milk to the unlocked vestibule of the first floor at an apartment house in Philadelphia. The apartment house has three floors, each of which houses tenants who use the front doorway

as a common entrance. The tenant in one of the first-floor apartments heard the sound of bottles striking together, then a noise that sounded like two gunshots being fired, and, finally, glass breaking. A police officer shortly thereafter arrived at the scene and discovered the decedent's slain body lying beside his milk truck. The officer followed the trail of decedent's blood to the outside steps of the apartment. As he entered the vestibule and hallway, *defendant spoke from the second-floor landing,* "I guess you will have to lock me up. I did it. I shot him." Defendant's daughter testified that when she awoke she heard gunshots and discovered her father at the second-floor landing with a gun in his hand, and that he told her that he had just shot a man.

Defendant testified that on the morning of the killing he saw and heard, *from the landing outside his second-floor apartment,* the front door to the apartment house rattling at the bottom of the stairway. Thinking the building was being burglarized, defendant got his gun and fired twice in the direction of the front door, although the door was not then shaking and no entry had been made. Defendant later went down the stairs and opened the front door and discovered the decedent's body lying outside, beside the milk truck. Defendant made no attempt to aid the victim or determine his condition.

Defendant's theory and defense was that he had a reasonable basis for believing that a burglar was breaking into the apartment house, and that he acted under the belief that it was necessary to shoot to prevent a serious felony and, consequently, for his own protection. He contends that under these circumstances he is entitled to a new trial, for his mistaken beliefs were such as to legally justify or excuse the homicide. We disagree.

A homicide committed to prevent a felony which is being attempted by force or surprise can, depending on the circumstances, be justifiable or legally excusable homicide. However, there must be a necessity for the killing and it must be committed under a bona fide and reasonable belief by the defendant that a felony is in process of commission. In *Commonwealth v. Russogulo*, 263 Pa. 93, 106 Atl. 180, the Court said (page 106) : "The general rule of law is 'a bona fide belief by the defendant that a felony is in process of commission, which can only be averted by the death of the supposed felon, makes the killing excusable homicide; though, if such belief be negligently adopted by the defendant, then the killing is manslaughter' :* Wharton on Homicide, par. 533."

In *Commonwealth v. Commander*, 436 Pa. 532, 260 A. 2d 773, the Court said (pages 539-540) : "The principle of self-defense is clearly enunciated and thoroughly reviewed in Commonwealth v. Lawrence, 428 Pa., supra (pages 192-193) : 'One is legally excused from taking another's life if it is necessary to do so in order to prevent a felony such as sodomy attempted by force or surprise. See Commonwealth v. Emmons, 157 Pa. Superior Ct. 495, 43 A. 2d 568 (1945) ; 40 C.J.S. Homicide §101 (1944). One is also legally excused if he takes another's life where it is necessary to do so in order to protect his own life or to save himself from great bodily harm or under circumstances reasonably giving rise to fear of death or great bodily harm. See Commonwealth v. Capalla, 322 Pa. 200, 185 A. 203 (1936), and Commonwealth v. Collazo, 407 Pa. 494, 180 A. 2d 903 (1962). . . .' "

---

* The Court went on to express certain requirements for and a number of limitations of the general rule which are not relevant in this case.

It is clear that the authorities do not support defendant's contention.

Defendant contends that the lower Court erred in its instructions to the jury that the defendant has the burden of showing that the homicide was excusable or justifiable. Justifiable homicide, which was fully explained by the Court's instructions, is, in our law, an affirmative defense and the Court below did not err in placing the burden on the defendant. *Commonwealth v. Chermansky,* 430 Pa. 170, 242 A. 2d 237. Moreover, defendant's counsel took no exception to this portion of the trial Judge's charge, thereby limiting our review to such basic and fundamental error as affects the merits of the controversy or the fundamentals of a fair trial. *Commonwealth v. Jennings,* 442 Pa. 18, 274 A. 2d 767.

Defendant further contends that the Commonwealth failed to prove its case beyond a reasonable doubt because his testimony of what occurred, and his belief that it was necessary to shoot to prevent a felony, was uncontradicted. There is, of course, no merit in this contention.

In *Commonwealth v. Winebrenner,* 439 Pa. 73, 265 A. 2d 108, we said (pages 82-83) : "Moreover, what this Court said in Commonwealth v. Kirkland, 413 Pa. 48, 195 A. 2d 338, is particularly applicable here (page 58) : '[I]t is well settled that a jury or a trial Court can believe all or a part of or none of a defendant's statements, confessions or testimony, or the testimony of any witness: Commonwealth v. Melton, 406 Pa. 343, 178 A. 2d 728; Commonwealth v. Tyrrell, 405 Pa. 210, 174 A. 2d 852; Commonwealth v. Ballem, 386 Pa. 20, 123 A. 2d 728; Commonwealth v. Donough, 377 Pa. 46, 50, 103 A. 2d 694; Commonwealth v. Homeyer, 373 Pa. 150, 153, 94 A. 2d 743; Commonwealth v. Phillips, 372 Pa. 223, 93 A. 2d 455.'

"In Commonwealth v. Chermansky, 430 Pa. 170, 242 A. 2d 237, the Court said (page 174) : 'In arguing that the evidence was insufficient to convict, Chermansky apparently assumes that, since his explanation of the killing was not contradicted at trial, it must be accepted as true and the killing declared justifiable as a matter of law. This position is incorrect.

"Firstly, the truthfulness of Chermansky's testimony was for the jury to determine. Even though it was uncontradicted, the jury still had the right to accept it totally, to believe part of it or to reject it completely. Commonwealth v. Wilkes, 414 Pa. 246, 199 A. 2d 411 (1964).' " See also *Commonwealth v. Burns*, 367 Pa. 260, 80 A. 2d 746.

Defendant further contends that a portion of the Court's charge was erroneous. Defendant's counsel took no exception to this portion of the trial Judge's charge, thereby limiting our review to such basic and fundamental error as affects the merits or justice of the case, or the fundamentals of a fair trial. *Commonwealth v. Jennings*, 442 Pa., supra, and numerous cases cited therein. There were no basic or fundamental errors.

We have examined all of defendant's contentions and find no merit in any of them.

Judgment of sentence affirmed.

Mr. Justice EAGEN and Mr. Justice ROBERTS concur in the result.

Mr. Justice JONES took no part in the consideration or decision of this case.