Commonwealth *v.* Ellis, Appellant.

Submitted September 27, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

Richard E. Davis, Assistant Public Defender, for appellant.

Robert C. Reed, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE BARBIERI, December 20, 1971:

In 1965 appellant was tried before a jury, found guilty of second degree murder, and was sentenced to serve a term of 10 to 20 years in prison. No appeal was taken, but appellant later filed a petition under the Post Conviction Hearing Act (PCHA),[1] where he alleged, inter alia, that he had not been advised of his right to appeal the sentence. After a hearing the court found the allegation to be true and hence vacated the sentence and granted appellant the right to file post-trial motions nunc pro tunc. After appellant's motion for a new trial was denied he was re-sentenced to a term of 5 to 20 years imprisonment. Appeal was then erroneously taken to the Superior Court which certified the case to this Court.

Appellant raises three questions, and these will be described and disposed of in order. First, he argues that the Commonwealth violated his privilege against

---

[1] Act of January 25, 1966, P. L. (1965) 1580, §1 et seq., 19 P.S. §1180-1 et seq.

self-incrimination and his right to counsel at a critical stage when he was fingerprinted after indictment on August 18, 1965, for a second time[2] and in the absence of counsel. We find this two-pronged contention to be without merit. Courts which have dealt with this question have consistently refused to find fingerprinting to be of a testimonial nature or a critical stage which would invoke either the Fifth or Sixth Amendment, and we decline to do so today. E.g., *United States v. Wade*, 388 U.S. 218, 87 S. Ct. 1926 (1967); *Schmerber v. California*, 384 U.S. 757, 86 S. Ct. 1826 (1966); *Pearson v. United States*, 389 F. 2d 684 (5th Cir. 1968); and cf. *Commonwealth v. Marino*, 435 Pa. 245, 255 A. 2d 911, cert. denied, 397 U.S. 1077 (1969).

Appellant's second contention is that he is entitled to a new trial because the Commonwealth failed to produce evidence that was favorable to the defense. This claim is based upon the fact that at the trial when defendant was contending that the death was caused by him in self-defense, the Commonwealth offered certain fingerprint evidence but failed to offer evidence of the fingerprints taken on July 10, 1965, which he argues would have corroborated his defense. This contention at the trial and at the PCHA hearing was that this fingerprinting, sandwiched between earlier ones going back to 1958 and the subsequent one taken on August 18, 1965 would have shown an additional scar not shown on the others. This he claims would have been evidence that he was cut by the victim while defending himself. He raises this under his third contention also which is that he was afforded constitutionally ineffective assistance of counsel because counsel failed to subpoena this fingerprint evidence taken on July 10, 1965. The futility of this argument concern-

---

[2] He was first fingerprinted on July 10, 1965, the day of the arrest.

ing the fingerprints is clearly delineated in the testimony of defendant's trial counsel at the PCHA hearing. Counsel there testified that he had examined appellant's right thumb prior to the trial and found only the one scar (and only one appears in all the fingerprints from 1958 on down to prints taken on August 18, 1965, just prior to the trial), whereupon he advised the defendant it would be unwise to base his self-defense contentions on a scar which obviously would not appear on the July 10 prints if they were presented. Apparently, contrary to counsel's advice, appellant raised this question nevertheless at the trial by pointing to a fresh scar on his right thumb.

In any event, we agree with the court below that: "The Commonwealth is not required to offer as part of its own case all evidence in its possession. Where the defendant's attorney is aware that the Commonwealth has the questioned evidence and chooses not to require its production as a part of the defendant's case, the Commonwealth's failure to use it is not error and is not prejudicial to the defendant. Commonwealth v. Osborne, 433 Pa. 297, 249 A. 2d 330 (1969)."

Appellant adds to his ineffective assistance of counsel contention an averment that there was a failure of his trial counsel to subpoena certain witnesses. This is equally without merit, since the PCHA record reveals that counsel was aware of the existence of certain witnesses whom, in his judgment, would not have been helpful or would have been hostile to the defendant, whereas certain others whose names were brought up at the PCHA hearing had never been mentioned to counsel prior to or during the trial. We have studied the record and are satisfied that the standards of representation of defendant were adequate within the guidelines expressed by this Court in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d

349 (1967). It was there stated at pp. 604-05: "We cannot emphasize strongly enough, however, that our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel *had some reasonable basis* designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (Emphasis added.)

Finally, we find no merit in appellant's contention that counsel made prejudicial statements during his closing remarks to the jury. His claim is that counsel for appellant told the jury that defendant was guilty of second degree murder or voluntary manslaughter, "rather than first degree murder." There is no evidence to support this assertion and trial counsel testified that he had no recollection of having made any such statement. This was obviously a question for the PCHA court's determination.

Order affirmed.