Commonwealth, Appellant, *v.* Dillard.

311

Argued April 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Jack H. France*, Assistant District Attorney, with him *Jess D. Costa*, for Commonwealth, appellant.

*Sanford S. Finder*, for appellee.

OPINION BY JACOBS, J., June 16, 1972:

The Commonwealth appeals from an order of the lower court discharging the defendant on a pretrial motion. We reverse.

Appellee was driving an automobile owned by Merigo who was riding as a passenger in the front seat. Brown was riding in the back seat. A state police corporal signaled the automobile to stop. Before the automobile stopped he saw two items thrown from the automobile by Merigo. He recovered the second item which was a plastic bag containing marihuana. Appellee and his two passengers were charged with possession of a narcotic drug. Merigo and appellee were each indicted on July 15, 1971.

On August 4, 1971, appellee's counsel filed a petition to discharge appellee on the basis that there was

not sufficient evidence to hold him for trial.[1] The court fixed a time for a hearing on the petition which was postponed until December 29, 1971. Meanwhile Merigo was tried and found guilty of possession by a jury on November 15, 1971. Judge Alexander R. CUR-RAN tried Merigo and also made the order discharging appellee.

At Merigo's trial the state police corporal testified as to where the men were seated in the automobile and that Merigo was the one who discarded the marihuana. After he directed the car to pull over, he observed the two people in the front seat "shuffling back and forth and the one looked like he was reaching under the seat." He said Merigo could move around better than appellee, "[b]ut it looked like Mr. Dillard also was hunching over more than an ordinary driver would try to do." At his trial Merigo testified that he did not use marihuana and did not know there was any in the car until the policeman directed them to pull over. At that point he said the appellee handed it to him saying that he should place it under his seat. He said he refused and told appellee to throw it out, but appellee in turn refused, so Merigo threw it out himself. He explained the shuffling around in the car as his efforts to find his temporary owner's card in the glove compartment.

It was the Commonwealth's position that appellee had joint possession of the bag of marihuana. To prove this the Commonwealth proposed to call Merigo in appellee's trial. After argument of counsel on December 29, 1971, the court entered the order of discharge which

---

[1] It appears to us that this petition was premature. Petitions to quash indictments for insufficiency of the evidence presented to grand juries have been entertained, but this petition did not attack the indictment. It attacked the sufficiency of the evidence which had not as yet been presented. We fail to see how that can be a pretrial matter even under the broad scope of Pa. R. Crim. P. 304.

is appealed from. In its opinion supporting the discharge, the lower court said that the only person who could testify against appellee was Merigo; that at Merigo's trial the district attorney castigated him as a liar and one not to be believed; that at appellee's trial the district attorney would have to present **Merigo** as a witness worthy of belief; and that in the spirit of *Commonwealth v. Horn*, 395 Pa. 585, 150 A.2d 872 (1959), and *Commonwealth v. Palermo*, 368 Pa. 28, 81 A.2d 540 (1951), the district attorney should not be permitted to call Merigo as his sole witness.

In the first place it should be pointed out that Merigo is not the only person who can testify against appellee; the state police corporal is also available as a Commonwealth witness. Furthermore, *Horn* and *Palermo* in no way prohibit the district attorney from calling Merigo as his witness. All those cases hold is that a district attorney does not have to call every witness listed on the indictment, nor even every eyewitness, if he has reason to believe that the uncalled witnesses are unreliable. With this proposition we agree: Calling or refusing to call a witness is the district attorney's prerogative. Much must be left to his discretion. Though he is a quasi-judicial officer whose goal should be discovering the truth as well as simply securing convictions, he is also an officer of the Commonwealth obligated to advance the Commonwealth's interests. *See Commonwealth v. Giacobbe*, 341 Pa. 187, 19 A.2d 71 (1941); *Commonwealth v. Karamarkovic*, 218 Pa. 405, 67 A. 650 (1907).

In vesting discretion in the district attorney and in holding that he is not required to call a witness whom he brands as unreliable, *Horn* and *Palermo* operate in the district attorney's favor; they do not support the lower court's suggestion that once the district attorney does so brand a witness he is precluded from

calling him at a subsequent trial. If, in fact, *Horn* and *Palermo* may be said to bear upon the present issue at all, it appears that they support the Commonwealth's position rather than the appellee's. In any event, we are of the opinion that the district attorney in the present case should not be prohibited from calling Merigo as a witness if he so chooses.

The lower court did not hold that Merigo is incompetent to testify, nor is he. Merigo's conviction for possession of marihuana does not make his testimony incompetent. With the exception of perjury, conviction of a crime does not disqualify a witness. *Commonwealth v. Clemmer,* 190 Pa. 202, 42 A. 675 (1899). Nor does the fact that Merigo was convicted prove that he lied in every respect. All the jury had to find to convict him was that he was a party to having the marihuana in the car. They may still have believed part of his testimony as was their right. *Commonwealth v. Harris,* 444 Pa. 515, 281 A.2d 879 (1971). Also, the fact that Merigo may have been an accomplice does not make him incompetent. *Commonwealth v. Farrell,* 319 Pa. 441, 181 A. 217 (1935).

It is true that Merigo's credibility may be very much affected by his status and his prior testimony, but that is a matter for the jury under proper instruction from the court. *Commonwealth v. Wilson,* 431 Pa. 21, 244 A.2d 734 (1968), *cert. denied,* 393 U.S. 1102 (1969). Furthermore, until Merigo testifies it is impossible to know what he will say. It may be that his testimony will be insufficient to support the prosecution, but since we can find no valid reason for excluding his testimony in advance that determination must await the trial.

Order reversed with a procedendo.