Commonwealth *v.* Karchella, Appellant.

Submitted September 25, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Frank A. Conte,* for appellant.

*Roger J. Ecker,* Assistant District Attorney, and *Jess D. Costa,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 17, 1972:

On February 23, 1971, appellant, represented by counsel, pleaded guilty to murder generally.[1] The court found him guilty of voluntary manslaughter and imposed a sentence of not less than four years nor more than eight years. Appellant took no direct appeal from this judgment of sentence, although he was advised of his right to appeal by the sentencing judge. On July

---

[1] Prior to entry of the plea the Commonwealth certified that the case would not rise higher than murder in the second degree.

27, 1971, appellant filed a petition pursuant to the Post Conviction Hearing Act[2] in which he requested a new trial or a reduction of sentence. Following a hearing, with counsel, all requested relief was denied, and appellant appealed.

Here appellant raises three issues: (1) the Commonwealth's witnesses perjured themselves at the degree of guilt hearing, thus making appellant's sentence "harsher than it [otherwise] would have been;" (2) he was denied effective assistance of counsel; and (3) he "was unlawfully induced to enter his plea" of guilty.

Appellant asserts that decedent's wife perjured herself when she testified at the degree of guilt hearing that decedent was unarmed at the time he was shot. Appellant does *not* claim that the perjured testimony prejudiced the verdict. In fact such a contention would be completely frivolous since appellant was found guilty of voluntary manslaughter. Appellant, however, does argue that the alleged perjury resulted in a more severe sentence than he would otherwise have received. At first glance the logical nexus between the claimed perjury and the length of sentence is somewhat obscure. What appellant appears to be arguing is that if, in fact, decedent was armed at the time of the shooting, then there could be sufficient mitigating circumstances to persuade a judge to impose a lesser sentence. However, at the post-conviction hearing appellant could not produce sufficient evidence to sustain his claim of perjury. The only testimony appellant adduced at the hearing was (1) his personal assertion that decedent's wife committed perjury; (2) the testimony of one witness, not present at the time of the shooting, that two hours prior to the shooting decedent was carrying a gun; and (3) the testimony

---

[2] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §§1180-1 et seq.

of another witness that at the time of the shooting he observed a person, whom he could *not* identify, on decedent's property carrying a gun.

The issue presented by this evidence is one of credibility, and the hearing judge resolved the issue against appellant. Moreover, the court could have properly concluded that the other testimony, even if believed, was insufficient to sustain the perjury claim. The hearing court has authority to believe all, part of, or none of a witness' testimony. *Commonwealth v. Harris,* 444 Pa. 515, 281 A. 2d 879 (1971); *Commonwealth v. Hornberger,* 441 Pa. 57, 270 A. 2d 195 (1970); *Commonwealth v. Kirkland,* 413 Pa. 48, 195 A. 2d 338 (1963). Since appellant failed to prove perjury at the evidentiary hearing, he is not entitled to relief on this ground. Cf. *Commonwealth v. Copeland,* 439 Pa. 293, 268 A. 2d 751 (1970).

Appellant's second contention is that he was denied effective assistance of counsel because his attorney at the degree of guilt hearing failed to call as a witness Herman Heirendt, who allegedly would have testified that decedent was armed at the time of the shooting. In point of fact, at the PCHA hearing Heirendt admitted he could not with certainty identify the person who held the gun at the time of the shooting. It would certainly have been reasonable for defense counsel to believe that such equivocating testimony would not lend support to his client's version of the shooting. In *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A. 2d 349, 352 (1967), this Court stated that "our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." See *Vess v. Peyton,* 352 F. 2d 325 (4th Cir. 1965); *Commonwealth v. Ellis,* 445 Pa. 307, 284 A. 2d

735 (1971); *Commonwealth v. Woody,* 440 Pa. 569, 271 A. 2d 477 (1970). Because as a matter of trial strategy defense counsel had *some reasonable basis* for his decision not to call the witness, his assistance was not constitutionally ineffective.

Appellant's final contention is that his guilty plea was unlawfully induced and thus was not voluntary. Appellant claims he believed he was pleading guilty to voluntary manslaughter and not to murder generally. However, since appellant was found guilty only of voluntary manslaughter, this claim lacks merit. Additionally, he asserts his counsel misled him as to the amount of time he would actually serve if he pleaded guilty. Appellant claims he was told he would serve only three years of a four to eight year sentence, and that he would not have pleaded guilty had he thought he would serve a four year term.[3]

However, the Commonwealth adequately met its burden of establishing a knowing and intelligent guilty plea by the on-the-record colloquy between the trial judge and appellant at the time he entered his plea. *Commonwealth v. Jones,* 447 Pa. 228, 286 A. 2d 892 (1971); *Commonwealth v. McBride,* 440 Pa. 81, 269 A. 2d 737 (1970); *Commonwealth v. Cushnie,* 433 Pa. 131, 249 A. 2d 290 (1969); see Pa. R. Crim. P. 319; American Bar Association Project on Minimum Standards Relating to Pleas of Guilty, §§1.4, 1.5 (Approved Draft,

---

[3] Appellant claims that although he knew the minimum sentence would be four years, he believed the actual amount of time he would serve would be computed on the basis of the Commutation Act of 1901, which would reduce his sentence for good behavior. Act of May 11, 1901, P. L. 166, §1, 61 P.S. §§271-278. However, this act had previously been repealed. Act of July 23, 1965, P. L. 244, §1, 61 P.S. §§271-278 (Supp. 1972). Moreover, trial counsel testified, and the hearing court found, that he told appellant that any reduction of time to be spent in prison was solely in the discretion of the "prison" authorities.

1968). The only testimony appellant offered was his personal allegation and the admission of his trial counsel, on cross-examination, that possibly appellant could have been misled as to the portion of the sentence he would actually serve, but he was definitely not misled as to what the minimum sentence would be. Viewing all the evidence presented, and especially the on-the-record colloquy, the court correctly concluded the Commonwealth had met its burden of proving appellant's guilty plea was knowing and intelligent.

Order affirmed.