## Commonwealth v. Weber

*John B. Lampi,* Assistant District Attorney, for Commonwealth.

*Paul J. Laskow,* Assistant Public Defender for defendant.

MOUNTENAY, J., September 9, 1974.—This matter comes before the court on petition filed pursuant to the Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580, as amended, 19 PS §1180-1, et seq. Briefly, petitioner contends that he is entitled to post conviction relief because his guilty plea had been induced by an attorney who had represented to him that he, the attorney, had by corrupt means secured assurance of a suspended sentence and probation.

On February 3, 1972, petitioner, represented by private counsel, appeared before the undersigned for the purpose of entering a plea of guilty to two burglaries. It was stated preliminarily that a plea agreement had been entered into, subject to the approval of the court. This agreement consisted only of a recommendation by the district attorney that whatever sentence might be imposed on the respective bills of indictment, these two sentences should run concurrently. As will be

seen, the court approved and honored the plea agreement.

After a lengthy and complete colloquy covering eight pages of the transcript of testimony, the court accepted the guilty plea, heard the Commonwealth's witnesses, and then, at the request of petitioner's then counsel, deferred sentencing in order to afford petitioner an opportunity to secure a psychiatric evaluation. A presentence investigation was also ordered.

Subsequently, the court imposed sentence on each of the two bills of indictment, the sentence on each bill consisting of a term of imprisonment of not less than four years nor more than ten years in a State institution. Recognizing the plea agreement, the court directed that the sentences run concurrently. These sentences, however, were not to run concurrent with any sentences imposed by any other court. From these judgments of sentence, petitioner appealed, but for some reason not apparent to the undersigned, the appeals were later withdrawn and discontinued.

Petitioner now seeks post conviction relief. He testified at the post conviction hearing that his former attorney (who was representing him in several counties with respect to numerous cases) had proposed that petitioner enter a plea of guilty; that petitioner give to the attorney a sum of money to be used to secure a "political disposition"; that the attorney, upon learning the identity of the assigned judge, would then pay the money over to a "politician" in order to secure intercession and favorable treatment; that petitioner gave the attorney $1,000 for this purpose; that at the time of submitting his guilty plea, petitioner deliberately lied when he assured the court that other than the plea agreement already mentioned (that is, that the two sentences were to run concurrently) there were no promises or representations made with respect to

the nature of his sentence; and, finally, that the sentence which was actually imposed was not the one promised to him by his attorney. Petitioner's testimony was corroborated in some respects by that of a convicted murderer who claimed that he was present at a conference between petitioner and his attorney at a time when he, the said witness, was an escapee from the State correctional institution at Dallas. The attorney was not called as a witness by either party.[1]

As a general rule, where, prior to the entry of a guilty plea, a defendant is advised of the permissible range of sentence, the court will not grant post conviction relief on the basis of a defendant's subsequent representation that his plea was induced by the expectation or promise of a lighter sentence: Commonwealth v. Karchella, 449 Pa. 270 (1972); Commonwealth v. Olinger, 23 Lawrence 361 (1972). A defendant will not be heard to say that his plea was induced by reliance upon a representation as to the nature of the sentence when he unequivocally denied the existence of any such representation at the time of the submission of his plea: Commonwealth v. Smith, 454 Pa. 256, 260 (1973). Where there is an adequate colloquy, the burden of proving the absence of a knowing and intelligent plea lies with the petitioner: Commonwealth v. Karchella, supra; Commonwealth v. Cushnie, 433 Pa. 131 (1969). And the court is not obliged to accept petitioner's version of what happened even if there

---

[1] When the nature of petitioner's complaints became apparent, the undersigned offer to disqualify himself, reminding petitioner that under petitioner's theory of the case, the undersigned himself might be suspect of having been a party to the alleged corrupt transaction. Petitioner contended, however, that he was convinced that his attorney had never even contacted the "politicians," much less the judge. Petitioner, therefore, requested that the undersigned remain with the case.

is no testimony to rebut it: Commonwealth v. Holl, 434 Pa. 312 (1969). In view of petitioner's assurances to the court at the time of the entry of the plea, it is now difficult to accept petitioner's present testimony to the effect that his guilty plea was not a knowing one.[2]

However, it is not only the colloquy which casts doubt on petitioner's credibility. His credulity, given his frequent prior contacts with the law, is astounding. It is almost inconceivable that petitioner could honestly have believed that any judge, even a corrupt one, would have felt, when confronted with petitioner's prior criminal record, that he could justify suspending sentence and placing petitioner on probation. In short, we reject petitioner's testimony in this respect as being incredible.

But even were we to accept petitioner's testimony, we believe that relief should be denied. Although we have found no Pennsylvania cases going this far, our attention has been directed to a similar case from another jurisdiction, viz., People v. Holmes, 15 Cr. L. Rep. 2336 (Ill. App. Ct., 1st Dist., July 1, 1974). In that case, the court refused to vacate a five to 11-year sentence where defendant allegedly paid a bailiff the sum of $500 in return for a promise to guarantee a sentence not exceeding four and one-half years. The court said:

"[e]ven were to accept as true the defendant's version, the bailiff was acting completely on his own, as the defendant must have realized and as the ultimate result shows. It would be a monstrous miscarriage of

---

[2] In respect to petitioner's disaffirming his colloquy, the instant case is similar to the celebrated case of Commonwealth v. Scoleri, 415 Pa. 218 (1964). However, Commonwealth v. Scoleri is distinguishable from the present case in numerous respects and, moreover, was regarded by the court as sui generis. Id., at page 251. It, therefore, provides little guidance here.

justice for us to hold that the defendant's attempt to fix a judge by paying off his bailiff should entitle him to withdraw his plea of guilty."

The above-quoted language reflects our view of the situation, and we believe that post conviction relief must be denied.

### ORDER

And now, September 9, 1974, petitioner's prayer for post conviction relief is hereby refused, and his petition is denied.