333 A.2d 865

**COMMONWEALTH of Pennsylvania**

v.

**James LONG, Appellant.**

Supreme Court of Pennsylvania.

Argued April 16, 1974.

Decided March 18, 1975.

---

---

Chas. Lowenthal, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Jr., Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., David Richman, William P. Boland, Asst. Dist. Attys., Chief, Appeals Div., Abraham J. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

POMEROY, Justice.

James Edward Long, the appellant, was tried and convicted by a jury of voluntary manslaughter. Following the denial of post-trial motions, he was sentenced to a term of imprisonment of from five to ten years. From that judgment of sentence appellant has taken this appeal, urging upon us two grounds for reversal.

Long contends, first, that the evidence was insufficient to support, beyond a reasonable doubt, the verdict of guilty; and second, that the admission of his signed confession into evidence was erroneous because it was the product of an unnecessary delay between his arrest and arraignment and because it was involuntarily obtained. We have decided that these claims are without merit, and will therefore affirm.

We have reiterated many times our scope of review in passing on claims attacking the sufficiency of the evidence in homicide cases: " 'the test of sufficiency of evidence is whether accepting as true all the evidence, together with all reasonable inferences therefrom, upon which the jury could properly have based its verdict, such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt.' " *Commonwealth v. Carbonetto*, 455 Pa. 93, 95, 314 A.2d 304, 305 (1974). See also *Commonwealth v. Clark*, 454 Pa. 329, 311 A.2d 910 (1973); *Commonwealth v. Oates*, 448 Pa. 486, 295 A.2d 337 (1972). It is axiomatic that the evidence is to be considered in the light most favorable to the Commonwealth as the verdict winner. *Commonwealth v. Rife*, 454 Pa. 506, 509, 312 A.2d 406 (1973); *Commonwealth v. Rankin*, 441 Pa. 401, 404, 272 A.2d 886 (1971).

The evidence established that on the evening of September 26, 1970, appellant and several other men, includ-

ing the deceased victim, one Donald Gerse, were sitting on the porch of the house at 712 N. 34th St. in the City of Philadelphia, and were imbibing heavily of wine. At approximately 10:00 P.M. an argument broke out between Long and Gerse over who was entitled to sleep in a certain bed in the house next door, No. 710 N. 34th Street, where both men roomed. Soon after this argument the deceased entered the next door house to retire for the night, appellant following shortly.

The next morning two of the drinking companions from the preceding evening discovered the body of Gerse in his third floor bedroom. It was later determined that Gerse had died of exsanguination as a result of lacerations of the scalp and forearm. A blood-stained linoleum knife was discovered in a bedroom on the second floor, and it was later determined that at least one of the wounds had been inflicted by that instrument.

Appellant fled the premises shortly after the discovery of Gerse's body and before the arrival of the police. Based upon information supplied by Frank Richardson, one of the drinking group, the police obtained a warrant for the arrest of Long. Not until a year and a half later, however, on May 16, 1972, was long apprehended. The arrest was made in Chester, Pa., by the FBI, who turned the accused over to the Philadelphia police. Upon being questioned about the slaying of Gerse, appellant gave a formal statement in which he admitted that after going to the house at No. 710 on the night of the killing he had had another altercation with Gerse which developed into a fight, and that he had cut Gerse with a knife. He also stated that Gerse was unarmed during the fracas.

 Appellant's attack on the sufficiency of the evidence is based primarily upon alleged contradictions in the testimony of some of the Commonwealth's witnesses, principally two of appellant's drinking companions who testified as to the argument between appellant and

Gerse. These contradictions concerned matters of detail, not the basic facts of the dispute; while they would bear on the credibility of the witnesses, that is a factor for the jury, as fact-finder, to pass upon. *Commonwealth v. Karchella*, 449 Pa. 270, 273, 296 A.2d 732 (1972); *Commonwealth v. Harris*, 444 Pa. 515, 281 A.2d 879 (1971).

Voluntary manslaughter, as we have often defined it, is the "intentional killing of another, done without malice aforethought but in the sudden heat of passion caused by adequate legal provocation, before sufficient time has elapsed for 'the blood to cool' and reason to reassume control of the actor's conduct." *Commonwealth v. Edwards*, 448 Pa. 79, 83, 292 A.2d 361, 363 (1972). We are satisfied that the Commonwealth's evidence, including the details of the incident as described in appellant's own confession, is sufficient to meet this standard and to enable the jury to conclude that Long was guilty beyond a reasonable doubt.

The appellant's other contention is that his confession should not have been admitted into evidence. The first thrust of this argument is that the confession was the product of an unnecessary delay between his arrest and arraignment. Pa.R.Crim.P. 118, 19 P.S. Appendix; *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972); *Commonwealth v. Tingle*, 451 Pa. 241, 301 A.2d 701 (1973). We need not, however, reach the merits of appellant's claim. The motion to suppress the statements did not raise the issue of violation of Rule 118, but the hearing judge considered it nevertheless, and found no violation. No objection to the admission of the confession was made at trial, nor was it asserted in the court below as a reason for a new trial.[1] This issue, accordingly has been waived. *Commonwealth v. Segers*,

[1] Both appellant's suppression hearing and trial took place after our decision in *Futch*.

460 Pa. 149, 331 A.2d 462 (1975); *Commonwealth v. Johnson*, 457 Pa. 554, 327 A.2d 632 (1974).

The second aspect of the challenge to the confession is that it was involuntarily given. This point was vigorously put forward both at the suppression hearing and at trial, yet both the suppression hearing judge and the jury found the confession to have been voluntary. We have thoroughly reviewed the record and have concluded that such a determination, far from being arbitrary, was fully supportable. *Commonwealth v. Johnson, supra; Commonwealth v. Karchella, supra*, 449 Pa. at 273, 296 A.2d at 733; *Commonwealth v. Garvin*, 448 Pa. 258, 269, 293 A.2d 33, 39 (1972).

Judgment of sentence affirmed.

ROBERTS and MANDERINO, JJ., concur in the result.