372 A.2d 757

**COMMONWEALTH of Pennsylvania**

v.

**Stanley HARRIS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Nov. 15, 1973.

Decided April 28, 1977.

Eric L. Lilian, Philadelphia, for appellant.

Arlen Specter, Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., Milton M. Stein, Asst. Dist. Atty., Chief, Appeals Div., Clifford E. Haines, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

PER CURIAM:

The appellant, Stanley Harris, was convicted by a jury on June 6, 1972, of murder in the second degree for the stabbing death of John Wade. Post-verdict motions were denied and the appellant was sentenced to a term of three to fifteen years imprisonment. This appeal followed in which we reverse the judgment of sentence.

Appellant raises several issues the first of which is dispositive of this appeal. Appellant contends that the trial court erred in refusing his request for a charge on voluntary manslaughter. A specific exception was taken to this refusal before the jury retired for its deliberation. The issue was later raised and argued by the appellant in his post-verdict motions. In denying appellant's motion for a new trial, the trial court defended its refusal to charge on voluntary manslaughter on the sole ground that "there was no proof of a killing under the influence of legal passion or provocation." We do not agree and therefore reverse the judgment of sentence and grant a new trial.

■■ We have recently held that a defendant is now entitled to a voluntary manslaughter charge when requested even when the evidence would not reasonably sustain such a verdict. *Commonwealth v. Jones*, 457 Pa. 563, 319 A.2d 142 (1974). Even prior to *Jones*, however, a defendant was entitled to a charge on voluntary

manslaughter, if requested, when the evidence warranted it. *Commonwealth v. Flax*, 331 Pa. 145, 200 A. 632 (1938), *Commonwealth v. Colandro*, 231 Pa. 343, 80 A. 571 (1911). We conclude that the evidence in the case at bar warranted a voluntary manslaughter charge.

The appellant was convicted of the fatal stabbing of John Wade in a street encounter during which appellant attempted to obtain drugs from Wade. The prosecution presented evidence from which it could be inferred that the stabbing was unprovoked and malicious. The appellant's version, however, was to the contrary.

The defense presented evidence that on the day of the stabbing appellant approached John Wade, a close friend, and asked for some heroin. Appellant had previously purchased drugs from Wade, and had also sold drugs for him. Wade refused to give the appellant any heroin on credit. Appellant then returned home and attempted unsuccessfully to borrow money from his father. Appellant returned to the street and again asked Wade for some heroin insisting that he would pay him the next day. An argument began during which the appellant testified that Wade belittled him and began laughing at him. Appellant grabbed Wade by the collar, saying, "This ain't funny." When appellant put his hand on Wade's collar, Wade struck him with a cane. Appellant became angered and as the two were fighting, appellant reached into his pocket and pulled out a knife, stabbing Wade five times. The appellant testified that he always carried the knife for protection and also testified that he used the knife in his work. He also stated that he had no intention of stabbing Wade until he was hit with the cane.

Voluntary manslaughter is a homicide intentionally committed under the influence of passion as distinguished from malice. Passion includes any emotions of the mind known as anger, rage, sudden resentment or terror, rendering the mind incapable of cool reflection. *See Commonwealth v. McCusker*, 448 Pa. 382, 292 A.2d

286 (1972); *Commonwealth v. Jennings,* 442 Pa. 18, 274 A.2d 767 (1971); *Commonwealth v. Flax,* 331 Pa. 145, 200 A. 632 (1938); *Commonwealth v. Colandro,* 231 Pa. 343, 80 A. 571 (1911).

Considering the defense's evidence, it cannot be said as a matter of law that the appellant did not act in the heat of passion as a result of legal provocation. Appellant testified that he became increasingly angry at Wade's remarks and did not reach for his knife until after the argument started and he was struck by Wade with the cane. Under these circumstances, the jury could have concluded that the crime committed was voluntary manslaughter.

Judgment of sentence reversed and a new trial granted.

JONES, former C. J., did not participate in the decision of this case.