380 A.2d 1224

**COMMONWEALTH of Pennsylvania**

v.

**Alfred CAMBRIC, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 30, 1977.

Decided Dec. 23, 1977.

Lester G. Nauhaus, Paulette J. Balogh, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Asst. Dist. Atty., Charles W. Johns, Pittsburgh, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION

PACKEL, Justice.

The appellant, while riding with a friend in the rear of a taxi, shot and killed the driver and a woman in the front seat. For many hours the appellant had imbibed a good deal of liquor and wine. His defense was his belief that the driver and the woman were planning to rob him. The jury found him guilty of third-degree murder. We are asked to reverse the judgment of sentence because the court below, although it charged on intoxication and on voluntary man-

slaughter, did not charge that intoxication could reduce the crime of murder to voluntary manslaughter.[1]

■  No such charge was requested[2] and hence the issue was waived.  Pa.R.Crim.P. 1119(b).  The same point, however, is raised by appellate counsel on the ground that trial counsel was ineffective in failing to make the request.  This claim manifestly has no validity if the instruction is an incorrect legal proposition.

At the time of the homicide in March of 1976, the Crimes Code, 18 Pa.C.S.A. § 308, provided:

"Intoxication or drugged condition are not, as such, defenses to a criminal charge;  but in any prosecution for any offense, evidence of intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to negative an element of the offense."

Consonant with this provision, we held in *Commonwealth v. Graves*, 461 Pa. 118, 334 A.2d 661 (1975), that intoxication could be shown to negate the presence of specific intent whenever it was an element of a crime and that this rule was not limited to felonious homicide.[3]

As to the allowance of intoxication to constitute a basis for reducing murder to voluntary manslaughter, the *Graves* case, 461 Pa. at 125, 334 A.2d at 664 analyzed the prior cases dealing with that specific issue as follows:

"Each of these cases, faced with the issue, recognized that intoxication was not a basis for excuse or mitigation but

1.  The only other issue raised by the appellant relating to the sufficiency of the evidence has no merit.

2.  The only request as to intoxication was complied with.  It related to the reduction of murder from the first degree to the third degree.

3.  In April of 1976 the Crimes Code, 18 Pa.C.S.A. § 308 (Supp.1977–78), was amended so that the present rule is:
    "Neither voluntary intoxication nor voluntary drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder."

was germane to the issue of the existence of premeditation and deliberation. While it is true that they concluded that the evidence was not to be used to reduce the crime to voluntary manslaughter, and concededly in some instances mention a distinction between a lesser degree and another grade of crime, a careful reading of these cases indicates that the crucial consideration for their conclusion was that the fact of intoxication was irrelevant to the question of the absence or presence of legal provocation and passion."

■■■ The theory of the appellant seems to be that intoxication is relevant for establishing that malice, a requirement for murder, was absent. Yet, the term "malice" covers a wide range of state of mind, including recklessness.

"It is true that malice, express or implied, is an absolute essential of murder. However, legal malice may be inferred and found from the attending circumstances. It consists either of an express intent to kill or inflict great bodily harm, or of a 'wickedness of disposition, hardness of heart, cruelty, recklessness of consequences and a mind regardless of social duty,' indicating an unjustified disregard for the probability of death or great bodily harm and an extreme indifference to the value of human life."

*Commonwealth v. Lawrence*, 428 Pa. 188, 193–94, 236 A.2d 768, 771 (1968). The element that distinguishes murder from voluntary manslaughter is the presence of passion in its broad sense.[4] Since murder in the third degree does not require specific intent and since the passion must be of a justifiable nature,[5] there was no ineffective assistance of

---

4. "Voluntary manslaughter is a homicide intentionally committed under the influence of passion as distinguished from malice. Passion includes any emotions of the mind known as anger, rage, sudden resentment or terror, rendering the mind incapable of cool reflection." *Commonwealth v. Harris*, 472 Pa. 406, 408, 372 A.2d 757, 758–59 (1977).

5. "A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify the killing under Chapter 5 of this title, but his belief is unreasonable." 18 Pa.C.S.A. § 2503(b). The reference to Chapter 5 includes:

counsel in failing to request an instruction that intoxication can reduce murder to voluntary manslaughter.

Judgment of sentence affirmed.

NIX, J., filed a concurring opinion.

EAGEN, C. J., and ROBERTS, J., concur in the result.

MANDERINO, J., dissents.

NIX, Justice, concurring.

I agree with the result of the majority but arrive at my conclusion for somewhat different reasons. Appellant argues that intoxication should have reduced murder of the third degree to voluntary manslaughter. Under the 1972 Code, as amended in 1974, the crime of murder has been divided into three degrees.* By equating murder of the third degree with the prior offense of murder of the second degree, it follows that the framers intended to perpetuate the requirement of only a malicious killing and not to require a specific intent to kill. *Commonwealth v. O'Searo,* 466 Pa. 224, 352 A.2d 30 (1976); *Commonwealth v. Taylor,* 461 Pa. 557, 337 A.2d 545 (1975); *Commonwealth v. Bowden,*

"When the actor was reckless or negligent in bringing about the situation requiring a choice of harms or evils or in appraising the necessity for his conduct, the justification afforded by this section is unavailable in a prosecution for any offense for which recklessness or negligence, as the case may be, suffices to establish culpability." 18 Pa.C.S.A. § 503(b).

* The framers retained in the 1972 Crimes Code the original distinction between murder of the first and second degrees appearing in the 1939 Crimes Code. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973; 18 Pa.C.S.A. § 2502 (1973). The 1974 amendment removed felony murder from the category of murder of the first degree and characterized it as murder of the second degree. "All other kinds of murder", graded as murder of the second degree under the 1972 Crimes Code, became murder of the third degree. Act of March 26, 1974, P.L. 213, No. 46, § 4, imd. effective; 18 Pa.C.S.A. § 2502 (Supp.1977–78). Because the present statutory description of murder of the third degree is identical to the previous description of murder of the second degree, it is apparent that the framers intended that this new category of murder take the place of murder of the second degree.

456 Pa. 278, 309 A.2d 714 (1973). Voluntary manslaughter, on the other hand, requires a specific intent to cause death. *Commonwealth v. Robson*, 461 Pa. 615, 337 A.2d 573 (1975), certiorari denied, 423 U.S. 934, 96 S.Ct. 290, 46 L.Ed.2d 265; *Commonwealth v. Long*, 460 Pa. 461, 333 A.2d 865 (1975); *Commonwealth v. Campbell*, 451 Pa. 465, 304 A.2d 121 (1973). The only relevance of evidence of voluntary intoxication is to aid in establishing that the mental faculties were so impaired that a person was rendered incapable of forming the requisite specific intent. *Commonwealth v. Graves*, 461 Pa. 118, 334 A.2d 661 (1975).

Since the intent required for murder of the third degree is a general one, the doctrine of intoxication would not be applicable to that offense. Furthermore, it would be completely incompatible with our theory of intoxication to reach the result that the impairment created by the consumption of alcohol reduced the crime from an offense which required only a general intent to a crime that required a specific intent.

To justify the use of the voluntary consumption of alcohol and the effect it produces as a basis for reducing an offense from the higher grade requiring a general intent to a lesser grade requiring a specific intent would prompt the acceptance of the principle that voluntary intoxication should serve as a mitigating factor. Our case law has repeatedly rejected that contention. *Commonwealth v. Ingram*, 440 Pa. 239, 270 A.2d 190 (1970); *Commonwealth v. Brabham*, 433 Pa. 491, 252 A.2d 378 (1969); *Commonwealth v. Reid*, 432 Pa. 319, 247 A.2d 783 (1968); *Commonwealth v. Simmons*, 361 Pa. 391, 65 A.2d 353 (1949), certiorari denied, 338 U.S. 888, 70 S.Ct. 181, 94 L.Ed. 546.