## Commonwealth v. Krause

Richard Sheetz, Assistant District Attorney, for Commonwealth.

J. Richard Gray, for defendant.

ECKMAN, J., March 9, 1981—Presently before the court are the post-trial motions in arrest of judgment and for a new trial filed by defendant, James Eugene Krause.

Defendant was charged with arson and related offenses under the endangering persons subsection of the Crimes Code.[1] On October 14, 1980 defendant proceeded to trial by jury and was found guilty as charged. He subsequently filed timely written post-trial motions.

Defendant's primary contention is that the court erred in refusing to charge the jury on the offense of criminal mischief[2] as a lesser included offense of arson as requested in his points for charge nos. three (3) and four (4).[3] "It is well settled that upon an indictment for a particular crime, the defendant may be convicted of a lesser offense included within it." Com. v. Wilds, 240 Pa. Superior Ct. 278, 287, 362 A. 2d 273, 278 (1976). "The test for determining whether an offense is a lesser included offense is whether all the essential elements of the lesser offense are included in the greater offense." Com. v. Ostolaza, 267 Pa. Superior Ct. 451, 456, 406 A. 2d 1128, 1131 (1979).

Section 3301(a) of the Crimes Code, supra, on arson and related offenses, provides: "(a) Endangering persons.—A person commits a felony of the

1. Crimes Code. 18 Pa.C.S.A. §3301(a).

2. Crimes Code, supra. 18 Pa.C.S.A. §3304(a)(1).

3. N.T. 145-47.

first degree if he intentionally starts a fire or causes an explosion, whether on his own property or on that of another, and thereby recklessly places another person in danger of death or bodily injury."

Section 3304(a)(1) of the Crimes Code, supra, upon which defendant based his proposed points for charge defines criminal mischief as follows: "(a) Offense defined.—A person is guilty of criminal mischief if he: (1) damages tangible property of another intentionally, recklessly, or by negligence in the employment of fire, explosives, or other dangerous means, listed in section 3302(a)(1) of this title (relating to causing or risking catastrophe). . . ." Subsection (b) grades criminal mischief from a summary offense to a felony of the third degree according to, inter alia, the dollar amount of pecuniary loss suffered.

In applying the test enunciated in Com. v. Ostolaza, supra, we conclude that criminal mischief is not a lesser included offense of arson endangering persons. The offense of criminal mischief, as defined by defendant's requested points for charge, involves the element of damage to tangible property while the arson endangering persons subsection is not concerned with property damage, but with placing a person in peril of death or bodily injury. In addition, proof of the dollar amount of damage is an essential element of the offense of criminal mischief: Gillen Appeal, 236 Pa. Superior Ct. 521, 344 A. 2d 706 (1975); see also Com. v. Stauffer, 239 Pa. Superior Ct. 463, 361 A. 2d 383 (1976), concerning burden of proving valuation in theft cases. The Commonwealth, however, need not prove the dollar amount of damage to sustain a conviction for arson under any provision. Thus, all of the elements of the lesser offense of criminal mischief are not included in the greater offense of arson.

We also note that the Superior Court recently held in Com. v. Lezinsky, 264 Pa. Superior Ct. 476, 400 A. 2d 184 (1979), that the crime of criminal mischief contains two elements not included in arson. Specifically, criminal mischief involves tangible property (personal property) whereas arson concerns a building or occupied structure (real property). Secondly, criminal mischief is defined so as to permit a negligent act whereas arson does not include negligence. This court has recently followed Lezinsky, supra, in holding that criminal mischief is not a lesser included offense of arson. See Com. v. Williams, 67 Lanc. 201 (1980).

Although the arson provisions involved in Lezinsky and Williams, supra, involved endangering property, specifically buildings or occupied structures, the tangible property distinction would still apply under the facts of this case. The testimony presented at trial indicated that the fire was started in and damaged an occupied three story brick apartment building. Under the evidence presented, the court was under no duty to instruct the jury of an offense which had no applicability to the facts presented at trial. In Com. v. Melnyczenko, 238 Pa. Superior Ct. 203, 208, 358 A. 2d 98, 100 (1976), the court stated: "'The general rule . . . is that the trial court need not, even if requested, instruct the jury on the existence and definition of a lesser and included offense if the evidence was such that the defendant, if guilty at all, was guilty of something beyond the lesser offense.'" Since the facts of this case involved a fire on real property, an instruction on criminal mischief, which involves only personal property, would have been inappropriate.

Defendant also contends that although he requested a criminal mischief instruction under sec-

tion 3304(a)(1) of the Crimes Code, supra, the court should have instead charged under section 3304(a)(2). That subsection involves intentional or reckless tampering with tangible property of another so as to endanger person or property. For the reasons already stated, this provision is equally inappropriate as a lesser included offense of the arson provision charged. Even if we had not decided this issue on the merits, we believe the issue has been waived since defendant did not request the court to charge the jury on this provision of criminal mischief: Com. v. Cambric, 475 Pa. 454, 380 A. 2d 1224 (1977); Pa.R.Crim.P. 1119(b).

## ORDER

And now, March 9, 1981, for the foregoing reasons, defendant's motions in arrest of judgment and for a new trial are denied. The probation and parole department, adult division, is directed to prepare a presentence report on defendant to be completed as soon as possible. As soon as the presentence report is completed, defendant is directed to appear for sentencing at the call of the district attorney.