525 A.2d 782

**COMMONWEALTH of Pennsylvania**

**v.**

**Joe N. BECKHAM, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 17, 1987.

Filed May 13, 1987.

Mitchell S. Strutin, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, OLSZEWSKI and CERCONE, JJ.

PER CURIAM:

Appellant Joe N. Beckham was arrested and charged with robbery, possessing instruments of crime and related offenses. On June 12 and 13, 1985, appellant was tried and convicted by a jury of robbery and possessing instruments of crime, generally. Trial counsel filed post-verdict motions. On November 18, 1985, the court held a hearing to determine the merit of the ineffectiveness claims at which trial counsel and an uncalled defense witness testified. The court appointed new counsel who filed an application for reduction of bail which was denied. Defendant then re-

tained a third attorney who filed supplemental post-verdict motions alleging trial counsel's ineffectiveness for failing to subpoena a witness at trial. On September 9, 1986, the court denied defendant's motion for a new trial and sentenced him to five to ten years imprisonment for robbery and one to two years concurrent imprisonment for possessing an instrument of crime.

Appellant now claims that trial counsel rendered ineffective assistance when he did not issue a subpoena to compel the attendance, at trial, of a defense witness who would have testified as to a material issue, that is, the identification of appellant by the robbery victim.

Our scope of appellate review in cases such as this has been succinctly set forth as follows:

> In determining the effectiveness of appellant's counsel "[o]ur task ... encompasses both an independent review of the record, ... and an examination of counsel's stewardship of the now challenged proceedings in light of the available alternatives." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). The standard by which a trial attorney's performance is judged is well-established:
>
>> "[O]ur inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests. The test is *not* whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decisions had any reasonable basis." (Emphasis in the original.) 427 Pa. at 604–605, 235 A.2d at 352–53; *see Commonwealth v. Moore*, 466 Pa. 510, 353 A.2d 808 (1976); *Commonwealth v. Abney*, 465 Pa. 304, 350 A.2d 407 (1976).

*Commonwealth v. Charleston*, 251 Pa.Superior Ct. 311, 315–16, 380 A.2d 795, 797 (1977).

The victim's trial testimony as to the relevant events were set forth by the lower court as follows:

In the late evening of January 14, 1985, Printis Hagen, an elderly man, opened the door of his apartment, where he lived alone, to face defendant whom he had known to live in an apartment in the same building and whom he believed had come upon hard times having been evicted shortly before. When he turned his back to admit him, defendant pulled out a gun and, telling him not to mention his name or he would be killed, he pushed Mr. Hagen into his bedroom, forced him to lay face down on the bed and bound his hands behind his back. Afterward, he ransacked the room, taking four hundred dollars and other items. After a parting salvo of threats that he would be killed if he reported it to the police, defendant left. Mr. Hagen managed to get to the apartment of his next door neighbor, who freed him of his bonds. Early in the morning of the next day, he secured defendant's name from the apartment rental office and gave the name to police the following day.

The defense witness, Roger Bowser, who trial counsel failed to subpoena, admitted that he would have testified that he spoke with the victim after the attack and that the victim had told him that the perpetrators wore ski masks so he was unable to recognize who they were. Defense counsel had spoken with Mr. Bowser before the trial and had decided to present his testimony at trial for the defense. Mr. Bowser had assured trial counsel that he would be present and willing to testify as related. However, on the day he was scheduled to appear, Mr. Bowser did not in fact attend and counsel was unable to contact him.

The only testimony placing appellant at the scene of the crime was that provided by the victim. Thus, a determination of guilt or innocence turned largely on the credibility of appellant's alibi witness, who absented himself from trial, and the victim. Appellant's defense, therefore, was dependent on his ability to impeach Mr. Hagen.

When faced with a similar factual situation, the Pennsylvania Supreme Court stated,

> If counsel's decision not to secure [witness's] appearance ... was based on a reassessment of its worth and a conclusion that it was of little or no value in the posture of this case, then that decision clearly had some reasonable basis designed to effectuate Twiggs's interests. In such circumstances, counsel's conduct would not constitute ineffectiveness. *See Commonwealth ex rel. Washington v. Maroney, supra.* Had counsel reached this decision on a basis designed to advance his client's interest, this case would be analogous to those situations in which, as a matter of trial strategy, counsel decides not to call a witness at all. See *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Owens*, 454 Pa. 268, 275, 312 A.2d 378, 382 (1973); *Commonwealth v. Karchella*, 449 Pa. 270, 296 A.2d 732 (1972); *Commonwealth v. Ellis*, 445 Pa. 307, 284 A.2d 735 (1971); *Commonwealth v. Hawkins*, 445 Pa. 279, 282, 284 A.2d 730 (1971).
>
> If, however, counsel's failure to seek compulsory process to obtain Gilmore's testimony or to have his prior testimony read to the jury was the result of sloth or lack of awareness of the available alternatives, then his assistance was ineffective. In a case where virtually the only issue is the credibility of the Commonwealth's witness versus that of the defendant, failure to explore all alternatives available to assure that the jury heard the testimony of a known witness who might be capable of casting a shadow upon the Commonwealth's witness's truthfulness is ineffective assistance of counsel.

*Commonwealth v. Twiggs*, 460 Pa. 105, 110–11, 331 A.2d 440, 443 (1975).

■ We must determine, therefore, whether trial counsel's reliance on a key witness's promise to appear was unreasonable in light of his failure to invoke the authority of the court to compel attendance of that witness by the issuance of a subpoena.

It is apparent from our review of the record in this case that trial counsel's stewardship was not only ineffective, but bungling at best. At the close of the first day of trial, counsel informed the court that a key witness, Mr. Bowser, had been subpoenaed to appear at 9:00 a.m. the following morning. He requested the court to continue the hearing until then so that he could present this witness's testimony to the jury. It was later revealed that counsel had not, in fact, subpoenaed Mr. Bowser and he did not appear to testify at the second day of trial.

Counsel's initial failure to subpoena Mr. Bowser was compounded by his untrue statement to the court that he had subpoenaed Mr. Bowser. Had counsel informed the court at that point that Mr. Bowser was not under subpoena, the court may have been alerted and taken steps to insure Mr. Bowser's attendance, so as to avoid the situation with which we find this case.[1]

Our review of the entire record in this case indicates that counsel did not consciously decide not to subpoena Mr. Bowser for any reason designed to effectuate the interests of his client. Rather, counsel failed to seek compulsory process to obtain the witness's testimony as the result of the lack of diligence on his part. Appellee posits the argument that counsel may have refrained from subpoenaing Bowser for fear of alienating him. The record contains no basis for this speculation. At the posttrial hearing on this issue, trial counsel merely stated that he believed Bowser's promise of attendance. The record provides us with no basis upon which we can conclude that counsel's decision was designed to effectuate appellant's interest.

---

1. While we do not normally look to the trial court to protect against actions by trial counsel which could be construed as ineffective assistance, the record in this case shows that in several instances the court did allow counsel to proceed in a procedurally inaccurate manner so as to protect against a future challenge to counsel's effectiveness. For example, the court allowed the defense to proceed with alibi witnesses although the Commonwealth had not been given proper notice of defense's intent to call them.

This case exemplifies a glaring dereliction on the part of counsel in representing his client which jeopardized appellant's right to exonerate himself on this crucial issue of identification.

194

■ Once we have determined that appellant's claim of ineffectiveness is of arguable merit and that counsel had no reasonable tactical basis for the conduct complained of, we must finally determine whether appellant was prejudiced thereby. *See Commonwealth v. Buehl,* 510 Pa. 363, 508 A.2d 1167 (1986). As previously discussed, Bowser's testimony was the only evidence available to impeach the identification testimony of the complainant. As the primary issue in this case was the identification of appellant as the perpetrator, we are compelled to conclude that Bowser's testimony, if made as asserted, and if believed, would have provided a reasonable doubt in the minds of the jurors as to appellant's guilt. Counsel's failure to secure Bowser's testimony requires the result we reach herein.

Since we consider this failure to be sufficient to establish that trial counsel in this case was not constitutionally effective, we do not reach appellant's claims of error in the jury instructions. *Accord: Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976).

The order of the court below is reversed. Judgment of sentence is vacated and a new trial is granted. Jurisdiction relinquished.