## Commonwealth et al., Appellants, v. Smith et al.

*Sunday laws—Fairmount Park of Philadelphia—Playing ball—Equity—Jurisdiction—Finding of facts—When conclusive on appeal—Act of April 22, 1794, 3 Sm. L. 177.*

1. Where a bill in equity for an injunction, to restrain the park commissioners of Fairmount Park, Philadelphia, from licensing or permitting outdoor games to be played in the park on Sunday, avers that the playing of such games was in violation of the Act of April 22, 1794, 3 Sm. L. 177, and was a public nuisance, and the court below finds as a fact that the evidence failed to prove that a resolution passed by the commissioners, or games played in the park, constituted a public or private nuisance, or that the playing of such games on Sunday had been licensed either by the commissioners or the chief engineer, such finding, although excepted to in the court below, if not assigned as error on appeal, is conclusive, and the appellate court will consider the case as consisting of mere alleged violations of the Act of 1794.

2. A court of equity has no jurisdiction to entertain a bill for an injunction to restrain a violation of the Sunday law of April 22, 1794, inasmuch as the act provides a penalty for its violation, and there is therefore an adequate remedy at law. If such penalty is not a sufficient deterrent, it is for the legislature to provide another.

3. A crime is an act committed or omitted in violation of a public law either forbidding or commanding it, and a bill in equity will not lie having for its sole purpose an injunction against the mere commission of a crime.

*Appeals — Practice, Supreme Court — Assignments of error — Statement of questions involved—Exceptions—Hearsay—Evidence.*

4. Where the appellant's statement of the questions involved does not include matters complained of in assignments of error, such matters will not be considered by the appellate court.

5. Where no exception is taken to a ruling of the trial court, sustaining an objection to the admission of testimony, an assignment of error based on such ruling, will not be considered.

6. An assignment of error based on a ruling sustaining an objection to the admission of evidence, will not be considered, where the offer was simply one of hearsay evidence.

7. An assignment of error merely averring that the court erred in dismissing complainant's exception, will not be considered, inas-

much as it fails to disclose what the exception was which the court dismissed.

Argued January 12, 1920. Appeal, No. 144, Jan. T., 1920, by plaintiffs, from decree of C. P. No. 5, Philadelphia Co., June T., 1919, No. 2290, dismissing bill in equity, in case of Commonwealth et al. v. Thomas B. Smith, Mayor, et al. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity for an injunction. Before STAAKE and MONAGHAN, JJ.

The opinion of the Supreme Court states the material averments of the bill and answer, and the material findings of fact (the 6th finding of fact) by the trial court. The court dismissed the bill. Plaintiffs appealed.

*Errors assigned* were (1) ruling on evidence, to which no exception was taken; (2) ruling on the exclusion of certain hearsay evidence; (4) dismissal of plaintiff's exception, without quoting it; (3, 5) dismissal of bill.

*Elton J. Buckley,* for appellants.—That the act of the park commissioners, in inspiring, licensing and permitting thousands of people to go to Fairmount Park on Sundays and play public games, followed by the playing of the games, is within the prohibition of the Act of 1794 against "any unlawful game, hunting, shooting, sports or diversion whatsoever," would seem to be clear under the decisions: Com. v. Rapp, 23 Pa. Dist. R. 145; Johnston v. Com., 22 Pa. 102; Com. v. Coleman, 60 Pa. Superior Ct. 380.

It has been repeatedly held that the imposition of the penalty is not the exclusive penalty for violation of this act: Com. v. Jeandell, 2 Grant 506; Sparhawk v. Union Pass. Ry., 54 Pa. 401; Murray v. Com., 24 Pa. 270.

*G. W. Pepper,* Park Solicitor, for appellees.

OPINION BY MR. CHIEF JUSTICE BROWN, March 8, 1920:

The bill filed by the complainants was for an injunction to restrain alleged violations of the Act of April 22, 1794, commonly known as the "Sunday Law." It averred that the respondents, commissioners of Fairmount Park, at a meeting held May 14, 1919, passed a resolution "that the chief engineer be instructed to permit the orderly playing of all outdoor games in the park under the control of the commission on Sundays under the same regulations as on other days"; that prior to the adoption of this resolution playing of outdoor games in the park was not licensed or permitted by the commissioners, but after its adoption the chief engineer was instructed to permit outdoor games on Sunday under no regulations except those obtaining on week days; that he has permitted the playing of games in the park on Sundays since the adoption of the resolution; that a large number of persons repair to the park on Sundays and spend the day playing outdoor games, notably lawn tennis and baseball; that the playing of said games and the licensing of same by the respondents constitute a violation of the Act of April 22, 1794, a violation of the common law of which Christianity is a part, a violation of the legal power and authority of the commissioners, a violation of the right and sanctity of the Sabbath day as adopted by the founders of the Commonwealth, a violation of the right of the complainant churches to the opportunity to render religious instructions to the people, unmolested by the unlawful competition of public games officially licensed by a quasi municipal body; that the playing of the games is a public nuisance, inimical to the morals of the people, who, if the same is allowed to continue, will suffer irreparable injury. The prayer of the bill was for an injunction commanding the respondents to rescind the resolution of May 14, 1919, and for a decree prohibiting them from licensing or permitting any

outdoor games to be played in Fairmount Park on the Sabbath day. The answer of the respondents denied the maintenance of a public nuisance or violation of law, and averred control by them over the park, including authority to determine how it may most effectively be used as a great playground for such of the public as have not incapacitated themselves from enjoying play; that by the provision of section 5 of the Act of March 26, 1867, P. L. 547, the respondents are charged with the care and management of Fairmount Park; that under the terms of section 19 of the Act of April 14, 1868, P. L. 1083, they have the power to manage the park; that the 21st section of the act vests in them authority to make rules and regulations for the government of the park, in addition to those prescribed in the act. The answer further averred that, for many years prior to the adoption of the resolution of May 14, 1919, the orderly playing of outdoor games in the park on Sundays and weekdays was permitted by the commissioners. The respondents denied that they had at any time licensed the playing of outdoor games in the park on any day, or that the chief engineer had licensed the playing of games on Sunday, or any other day. While admitting that a large number of persons, for years prior to the resolution of May 14, 1919, had played outdoor games in the park, under the control of the commission, on Sundays, and have continued such playing since the adoption of the resolution, the answer denied the averment in the bill that the playing of outdoor games in the park on Sundays, notably lawn tennis and baseball, constitutes a violation of the Act of April 22, 1794, or any other act, and it was denied that the respondents had licensed said games, or any of them, otherwise than by informal permission, prior to May 14, 1919, and by more formal permission embodied in the resolution passed on that day; and the answer still further denied that the permission constitutes a violation of the act of assembly, or that anything done by the respondents was in contravention of their

legal power and authority or violative of the sanctity of the Sabbath day. The case proceeded to final hearing on bill, answer and proofs, and from the decree of the court dismissing the bill the complainants have appealed.

The learned court below was apparently of opinion that the bill ought to be dismissed, because, in view of changed social conditions and the general opinion of the public at the present time as to legitimate Sabbath occupations, the matters of which the appellants complain were not to be regarded as violations of the Act of 1794. It is not necessary for us to pass upon the correctness of this, as the bill was properly dismissed for the controlling reason that the case as presented by the complainants did not call for the exercise of equitable jurisdiction.

An averment in the bill was that the playing of lawn tennis and baseball in Fairmount Park on Sundays constituted a public nuisance, and therefore equity had jurisdiction of the complaint. The conclusive answer to this is the distinct finding of the court below that "the evidence presented failed to prove that either the resolution passed by the commission, or games played in the park, constitute a public or private nuisance; or that either the commission or chief engineer had licensed the playing of games on Sunday." This finding, although excepted to below, has not been assigned as error on this appeal, and is, therefore, to be accepted as a fact, which the appellants cannot now question. Their case, as they present it to us, with this material and conclusive finding, consists of mere alleged violations of the Act of 1794, and nothing more. That equity can interfere to restrain such violations is a proposition unsupported by reason or any known authority. For what was made an offense by that act, it provides a penalty. If the playing of lawn tennis or baseball on Sunday is a violation of it, the players are punishable under it; if their playing does not violate it, they are not punishable, and they can-

not be restrained from playing, unless their games become a nuisance. This proceeding is at the instance of the Commonwealth. The remedy for that of which it complains is to be found in the act, if it has been violated. If the penalty therein provided is not a sufficient deterrent, it is for the legislature to provide another.

A crime is an act committed or omitted in violation of a public law either forbidding or commanding it, and it is well settled that a bill will not lie having for its sole purpose an injunction against the mere commission of a crime, as is the case here, under the unchallenged sixth fact found by the learned chancellor: Klein v. Livingston Club, 177 Pa. 224. In distinctly recognizing this rule, in Sparhawk v. Union Passenger Railway Co., 54 Pa. 401, where the purpose of the bill was to restrain alleged violations of the Act of 1794, it was said by Mr. Justice THOMPSON, in speaking for the court: "If it be supposed that because an act is illegal merely, equity will interfere to restrain it, it is a misapprehension of equity jurisdiction. 'If an act be illegal,' said Vice-Chancellor Kindersley, in Soltau v. DeHeld, 2 Sim. (N. R.) 133, 'I am not to grant an injunction to restrain an illegal act merely because it is illegal. I could not grant an injunction to restrain a man from smuggling, which is an illegal act.' Nor could he for any merely criminal or penal offense. Injunction is a civil remedy to arrest or prevent civil abuses, when granted at the instance of a private party. Because worldly employment on Sunday is interdicted by statute and an offense, it is not a reason, any more than in the case put by the vice-chancellor, why we should interfere in equity to prevent it. The penal law that is violated is provided with the machinery for punishing it, and to it the violation must be referred. One reason why equity cannot interfere is that there is a remedy at law by statute, and we must presume it adequate, for it is what the law has provided and no more. If it could be restrained because a public nuisance, it would only be at the instance of

some one authorized by the Commonwealth." A public nuisance is not involved in this proceeding, for the court below has so found, and, for the reasons stated, its finding is conclusive.

As appellants' statement of the questions involved does not include the matters complained of by the first and second assignments of error, we are not called upon to consider them: Yeager v. Gately & Fitzgerald, 262 Pa. 466; Kress House Moving Co. v. Hogg Co., 263 Pa. 191; but both must be dismissed, the first, because the ruling of which it complains was not excepted to, and the second, because the offer was simply one of hearsay evidence. Nothing can be gathered from the fourth assignment, as it fails to disclose what the exception was which the court dismissed. The second and fifth are merely to the dismissal of the bill. All are overruled and the decree is affirmed at the costs of the appellants.