## Dobrinski License

*Hobbs, Morgan and DeWitt,* for appellant.
*I. Reines Skier,* for Commonwealth.

TREMBATH, P. J., July 28, 1970.—This matter comes before the court on appeal of Bernard Dobrinski, a licensee, from the action of the Pennsylvania Liquor Control Board imposing a fine of $500 for Sunday sales. When the licensee filed his petition for an appeal, it was filed in the Court of Common Pleas of the Forty-fourth Judicial District, Wyoming County Branch, Criminal Division, and licensee obtained an order which (1) allowed the appeal; (2) directed service on the Pennsylvania Liquor Control Board and (3) directed the board to answer the petition within 20 days. The board filed the pending petition and motion to vacate that portion of the court's order which directed the board to answer.

The licensee argues that rules 206, 207 and 208 of the Rules of Civil Procedure are applicable to this proceeding, and that such rules envisage an answer to the petition. The board insists that no answer is required by the Liquor Control Act. It is also suggested that the Rules of Civil Procedure do not apply but that this is a criminal or quasi-criminal proceeding and the Rules of Criminal Procedure apply.

We apply ourselves first to the question, is this action criminal or civil in nature or does it partake of the nature of both and become quasi-criminal? Several recent cases, decided before the present Constitution of Pennsylvania went into effect, held strongly that actions to collect penalties for the violation of municipal ordinances are civil in nature: York v. Baynes, 188 Pa. Superior Ct. 581; Commonwealth v. Ashenfelder, 413 Pa. 517; Waynesburg

Borough v. Van Scyoc, 419 Pa. 104. These cases determine that, because the proceedings were civil and not criminal, appeals lay to the court of common pleas and not to the court of quarter sessions.

The Liquor Control Act under which these proceedings are pursued lays jurisdiction for the appeal in the court of quarter sessions: Act of April 12, 1951, P. L. 90, sec. 464, 47 PS §4-464. However, the necessity of determining whether the action is criminal or civil in nature remains because we must determine whether the Rules of Criminal Procedure or the Rules of Civil Procedure apply.

The Rules of Criminal Procedure effective October 1, 1963, released us from all such inquiry and made the determination of this question crystal clear.

Rule 1(a) of the Rules of Criminal Procedure provides:

"These rules shall govern proceedings which are criminal, quasi criminal or summary in nature *or which are for the enforcement* of penalties in all courts including courts not of record." (Italics supplied.)

The rule as so written recognized that some proceedings are not clearly either civil or criminal but lie in the gray area and are covered by the term "quasi-criminal." Those who drafted that rule were clearly aware of the causes just cited because of the language included in the rule "or which are for the enforcement of penalties."

This matter, now crystal clear, was plunged back into darkness by the redrafting of rule 1(a), effective May 1, 1970, the very day when the petition before us was filed. The rule now reads: "These rules shall govern criminal proceedings in all courts."

A crime is an act committed or omitted in violation of a public law either forbidding it or commanding it: Commonwealth v. Smith, 266 Pa. 511, 516. To

this, it is sometimes added that the act must be one to which is annexed, upon conviction, one of the specified punishments. For it has been held that an act declaring something unlawful but prescribing no punishment is no crime at all: 21 Am. Jur. 2d, Criminal Law, §1.

The proceeding before us, examined in this light, is civil and not criminal. It was begun, as the caption indicates, to determine whether respondent's liquor license should not be suspended or revoked. The Liquor Control Act empowers the Liquor Control Board to revoke or suspend liquor licenses or to impose a fine in lieu of suspension or revocation. The evidence indicates, and the Liquor Control Board found, that defendant was guilty of sales of liquor on Sunday. These acts are acts for which the licensee could have been charged with a crime. The Liquor Control Board chose instead to proceed to determine. whether the license should be revoked or suspended, or in lieu of either, whether a penalty should be imposed.

The proceeding was filed in the criminal division as result of historical accident. The Liquor Control Act was passed many years before the present Constitution, and that act directed that the appeal from the acts of the Liquor Control Board should be taken to the court of quarter sessions. The powers and duties of that court under the new Constitution are exercised by the court of common pleas, which has jurisdiction of all proceedings both civil and criminal. Since the matter is civil in nature and not criminal, it should not have been filed in the criminal division, and the words "criminal division" are now stricken from the caption.

Counsel for licensee insists that the Liquor Control Board should be compelled to answer its petition, and insists the court should enforce its decree which re-

quires an answer. Nothing in the Rules of Civil Procedure, nor in the local rules, requires an answer, nor does anything in the rules either require or prohibit this court from directing respondent to answer. As we view the matter, we should require an answer, if an answer will serve some useful purpose, and we should correct our order requiring the answer, if no useful purpose would be served.

Counsel for the licensee insisted that he is entitled to an answer to paragraph five of the petition, which reads: "That neither the enforcement officer nor the Board notified the licensee of the nature of the violation alleged and of the date of the alleged violation within ten (10) days of the completion of the investigation or within ninety (90) days of the commencement of the investigation."

Counsel for the Liquor Control Board says that this is a jurisdictional fact, and that the board, on hearing before this court, will have to prove strict compliance with the statute which requires such notice to be given, and, failing such proof, the court should sustain the appeal.

We agree that should this matter reach the hearing stage, and should the Commonwealth, in fact, fail in such proof, the court would then sustain the appeal. The inquiry here is not what would happen on final hearing after all the evidence is complete, but what will, or could, happen prior to final hearing if the Commonwealth answers paragraph five of the petition and admits that it did not give the notice, or if it says it did give the notice, if it then appears that the notice given was not in sufficient compliance with the statutory requirement of notice. To state this possibility is to answer it, for nothing in the Rules of Civil Procedure permits the court to dispose of the matter on petition and answer. We can only dispose of the matter after final hearing so far as either the statute au-

thorizing the appeal, or the Rules of Civil Procedure provide.

We conclude that the order of this court requiring the Liquor Control Board to answer the petition for appeal can serve no useful purpose and was improvidently granted.

And now July 28, 1970, we strike from our order of May 1, 1970, the requirement that the Liquor Control Board answer licensee's petition.