380 A.2d 409

COMMONWEALTH of Pennsylvania

v.

Albert P. NAVARRO, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 12, 1977.

Decided Dec. 2, 1977.

Charles J. King, Jr., Norristown, for appellant.

Stephen B. Harris, First Assistant District Attorney, Warrington, with him Kenneth G. Biehn, District Attorney, Doylestown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the Commonwealth did not present sufficient evidence to convict him of disorderly conduct.[1] We agree. Therefore, we vacate the judgment of sentence and order appellant discharged.

On October 28, 1976, a Bucks County district justice issued a citation charging appellant with disorderly conduct. The citation alleged that at 7:30 a. m., on October 26, 1976, appellant banged on the roof of a car attempting to pass through a group of picketers. On November 24, 1976, in summary proceedings, a Bucks County district justice found appellant guilty and fined him $100 plus costs. An appeal was filed in the Bucks County Court of Common Pleas on February 4, 1977, appellant was tried before the lower court sitting without a jury.

At trial, Sergeant James McCallister of the Warminster Township Police Department testified that he arrived at the William Tennent Senior High School, located on Centennial Road in Warminster Township, Bucks County, at 6:58 a. m. on October 26, 1976. He observed 50–75 people picketing in

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, effective June 6, 1973; 18 Pa.C.S. § 5503. 18 Pa.C.S. § 5503 provides:

"(a) Offense defined.—A person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he:

(1) engages in fighting or threatening, or in violent or tumultuous behavior;

(2) makes unreasonable noise;

(3) uses obscene language, or makes an obscene gesture; or

(4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor.

"(b) Grading.—An offense under this section is a misdemeanor of the third degree if the intent of the actor is to cause substantial harm or serious inconvenience, or if he persists in disorderly conduct after reasonable warning or request to desist. Otherwise disorderly conduct is a summary offense.

"(c) Definition.—As used in this section the word 'public' means affecting or likely to affect persons in a place to which the public or a substantial group has access; among the places included are highways, transport facilities, schools, prisons, apartment houses, places of business or amusement, any neighborhood, or any premises which are open to the public."

the high school driveway entrance and obstructing vehicular access to the school. The police officer observed three unidentified persons use their fists to bang on cars proceeding into the driveway; he warned two picket captains that further incidents would result in arrests. At 7:30 a. m., a white Chevrolet which had been proceeding north on Centennial Road attempted to turn right into the high school driveway. A mass of picketers crowded in front of the car and stopped it. When the car resumed progress, appellant, standing near the juncture of the curb line of Centennial Road and the high school driveway entrance, banged on the roof of the car with his fists. The officer then arrested appellant for disorderly conduct.

On cross-examination, Sergeant McCallister admitted that the mass of picketers obstructed his view of the car just before it turned into the driveway. Moreover, the officer was about 250 feet away from the site of the incident, and the white Chevrolet came between the officer and appellant and obstructed his view of appellant's location and actions. Consequently, the officer could see only the left side of the car and its roof area and appellant's head, shoulders, and hands. Finally, the officer admitted that he never stopped the white Chevrolet nor did he receive a complaint from its driver.

Sergeant James Miller of the Warminster Township Police Department testified that he drove a police car into the driveway just before the white Chevrolet attempted to enter. He warned a group of picketers, including appellant, to step back towards the curb; everyone complied.

Appellant, a science teacher employed by the Centennial School District, testified that he arrived at the high school at 7:20 a. m., on October 26, 1976, and positioned himself on the south side of the driveway entrance at its intersection with Centennial Road. Appellant stood on the high school driveway, just inside its entrance and a few feet from the curb. After Sergeant Miller asked the group of demonstrators to allow more room for vehicle passage, appellant stepped back very close to the curb. At this point, appellant, by use of

peripheral vision, saw a car turn rapidly and sharply into the driveway. Appellant jumped back to avoid being struck by the car; with his open hands, he reflexively hit the middle portion of the roof of the car. The car, a small maroon or vinyl topped foreign model, brushed against appellant and stopped abruptly. After a few seconds, the car resumed movement. Two eyewitnesses, both teachers, confirmed appellant's account of the incident.

At the conclusion of the testimony, the lower court found appellant guilty and imposed a fine of $100 plus costs. This appeal followed.

Appellant contends that the Commonwealth did not produce sufficient evidence to convict him of disorderly conduct. Specifically, appellant contends that the Commonwealth did not prove beyond a reasonable doubt that appellant hit the roof of the car "with intent to cause public inconvenience, annoyance or alarm   .   .   ." [2]  We agree.

In reviewing the sufficiency of evidence in a criminal case, Pennsylvania courts apply the following test: ".   .   . [W]hether, viewing the evidence in the light most favorable to the Commonwealth and drawing all proper inferences favorable to the Commonwealth, the trier of fact could reasonably have found that all of the elements of the crime have been established beyond a reasonable doubt   .   .   ." *Commonwealth v. Kramer*, 474 Pa. 341, 345, 378 A.2d 824, 825 (1977); *Commonwealth v. Robson*, 461 Pa. 615, 625, 337 A.2d 573, 578 (1975). However, "[i]t must be remembered that guilt must be proved and not conjectured. The reasonable inference of guilt must be based on facts and conditions

2. Prior to the effective date of the Crimes Code, the Commonwealth was not required to prove that a defendant charged with disorderly conduct intended "to cause public inconvenience, annoyance or alarm." See Act of June 24, 1939, P.L. 872, § 406, repealed by the Crimes Code, supra; 18 Pa.C.S. § 5503. (Eff. June 6, 1973). Instead, the Commonwealth had to prove that the defendant engaged in a "loud, boisterous and unseemly noise or disturbance." See Act of June 24, 1939, supra; *Commonwealth v. Greene*, 410 Pa. 111, 189 A.2d 141 (1963). 18 Pa.C.S. § 5503 now focuses on the actor's intent or reckless disregard of his actions. See Comment 78 Dickinson L.Rev. 15 (1973).

proved; it cannot rest solely on suspicion or surmise. These do not take the place of testimony. The facts and circumstances proved must, in order to warrant a conviction, be such as to establish the guilt of the defendant not necessarily beyond a moral certainty, nor as being absolutely incompatible with his innocence, but at least beyond a reasonable doubt." *Commonwealth v. Bausewine*, 354 Pa. 35, 41, 46 A.2d 491, 493 (1946); *Commonwealth v. Zimmerman*, 214 Pa.Super. 61, 67, 251 A.2d 819, 821 (1969). See also *Commonwealth v. Leonhard*, 245 Pa.Super. 125, 369 A.2d 320 (1976).

In the instant case, appellant contends that as the car turned sharply into the high school driveway, he jumped backwards to avoid the car's impact, and his open hands reflexively hit the roof of the car. The Commonwealth counters that appellant deliberately struck the car roof. However, the only evidence the Commonwealth advanced to support this proposition was the account of the arresting police officer. This officer observed the incident from a distance of 250 feet. Because of the mass of demonstrators, he could not see the car just before it turned into the driveway. Therefore, the officer did not observe the angle at which the car turned or its proximity to appellant. Moreover, the car obstructed the officer's view of appellant's activities as the incident developed. Because the car came between the officer and appellant, the officer could see only the left side of the car and its roof area and the appellant's head, shoulders, and hands. Therefore, the officer could not observe how close the car came to striking appellant nor could he see whether appellant attempted to jump out of the way. Additionally, the Commonwealth failed to produce the driver of the car or any other eyewitnesses to the alleged disorderly conduct.

In sum, appellant's conviction rests solely on the police officer's testimony that appellant hit the car roof with his fist. However, this witness saw only the last part of the incident in question from a very distant and partially obstructed vantage point. His testimony alone could not refute positively appellant's assertion that the car's sharp and

rapid turn caused him to hit unintentionally the car roof with his open hands. The lower court could only surmise or conjecture as to the events leading up to the alleged banging on the car roof.[3] Because the Commonwealth failed to prove beyond a reasonable doubt that appellant intended to cause public inconvenience, annoyance, or alarm, we must vacate the judgment of sentence and order appellant discharged. *Commonwealth v. Leonhard*, supra; *Commonwealth v. Zimmerman*, supra.

Judgment of sentence vacated and appellant discharged.

JACOBS, J., concurs in the result.

WATKINS, President Judge, notes dissent.

**3.** In its opinion, the lower court stated: "The defendant testified, it will be recalled, that the car stopped immediately or almost immediately after he came into contact with it. This negates any implication of speed. He further testified that his hand first came against the vehicle at a point behind the front seat. This indicates that at least one-half of the vehicle had already passed and leads us to discount the defendant's contention that it was necessary for him to push himself back from the vehicle in order to avoid being struck by it." However, the testimony indicates that appellant was standing near the corner of Centennial Road and the high school driveway which branched off to the right of Centennial Road. If the car did turn sharply into the high school driveway, as appellant asserts without contradiction by the Commonwealth witness, then the middle of the car might very well have been the section which appellant would hit in an attempt to avoid the car's impact.