399 A.2d 788

**COMMONWEALTH of Pennsylvania**

v.

**Edward SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided March 16, 1979.

Louis R. Dadowski, Jr., Appellate Counsel, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, WIEAND and LIPEZ, JJ.

LIPEZ, Judge:

On December 16, 1976, after a non-jury trial, appellant was found guilty of criminal attempt to commit burglary.[1] Post-trial motions were denied and appellant was sentenced to one to three years in prison. In this appeal, appellant contends that the evidence was insufficient to sustain his conviction. We agree and, therefore, reverse.[2]

The facts are not in dispute: On August 16, 1976, at about 6:30 P.M., the outer pane of the bedroom window of Michael Terral's ground floor apartment was smashed. The sound of the breaking glass drew two second-floor tenants of Terral's apartment building to their windows. They observed appellant standing on a log embankment ten feet from Terral's apartment looking down towards the broken window.[3] After appellant walked away from the scene, approximately one and one-half minutes later, one of the two tenants called the police. When the police arrived, both tenants supplied a description of appellant. Appellant was arrested three blocks from Terral's apartment less than an hour after the second-floor tenants had first seen him. No tools or anything of an incriminating nature were found on his person. After arresting appellant, the police investigated Terral's window. Its protective screen had been pried off and placed against the retaining wall and the window pane was broken. No further evidence was gathered from the scene.

The test for assessing the sufficiency of the evidence in a criminal case is whether, viewing all the evidence admitted at trial in the light most favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Baker*, 466 Pa. 479, 353 A.2d 454

1. 18 Pa.C.S. § 901.

2. Appellant raised several other issues which we need not reach in light of our disposition of this matter.

3. The window faces a patio approximately ten feet deep and recessed five feet below ground level. Appellant was observed standing on top of a five-foot-high retaining wall at the end of the patio.

(1976). The Commonwealth may sustain its verdict by means of wholly circumstantial evidence. *Commonwealth v. Dawson*, 464 Pa. 254, 346 A.2d 545 (1975).

To constitute a crime, there must be "an act committed or omitted in violation of a public law either forbidding or commanding it." *Commonwealth v. Smith*, 266 Pa. 511, 109 A. 786 (1920). "Some act of commission or omission lies at the foundation of every crime." 22 C.J.S. Criminal Law § 37. The offense charged here is defined as follows: "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901. We are here concerned with an act of commission. Conduct which is wholly passive obviously is not an "act of commission." Hence, the mere presence of a person at the scene of crime is not sufficient circumstance upon which guilt may be predicated. *Commonwealth v. Stanley*, 453 Pa. 467, 309 A.2d 408 (1973). There must be other evidence of participation in the alleged crime. *Commonwealth v. Goodman*, 465 Pa. 367, 350 A.2d 810 (1976).

Viewing the record in the light most favorable to the Commonwealth, the fundamental weakness in the Commonwealth's case is the lack of any nexus between the appellant's presence at the scene and any of the acts resulting in the removal of the screen or the breaking of the window. Though the appellant was seen standing some ten feet away from the premises looking towards it, there was no evidence of any other conduct by him except walking away from the scene shortly thereafter.[4]

Guilt cannot be based on suspicion or speculation. *Commonwealth v. Stanley*, supra. The inference of guilt must be based on facts and conditions proved and must be of such character as to establish guilt beyond a reasonable doubt. Where, as here, "the evidence of such participation was so

4. Presence at the scene of crime in company with the alleged perpetrator has been held not sufficient to sustain a conviction. *Commonwealth v. Garrett*, 423 Pa. 8, 222 A.2d 902 (1966). Presence and flight is also insufficient. *Commonwealth v. Goodman*, supra.

weak and inconclusive that as a matter of law the inferences of fact necessary to establish guilt could not be reasonably drawn", the conviction cannot stand. *Commonwealth v. Garrett,* supra.

The judgment of sentence is reversed and the defendant is discharged.