## Commonwealth v. Womer

*David Marcello*, for plaintiff.
*Norman Lubin*, for defendant.

GREEVY, J., May 15, 1979—Before this court is defendant's application to dismiss the charges because of an alleged violation of Pa.R.Crim.P. 1100. This case resulted from a private complaint which was properly completed and executed before a district justice on November 6, 1978. Because this was a private criminal complaint which did not involve a clear and present danger to any person or to the community, the complaint had to be submitted to the district attorney's office for approval before process could issue: Pa.R.Crim.P. 134(a)(3). The district attorney's office did not approve the complaint until December 5, 1978. Thereafter, the complaint was returned to the district justice who, on December 14, certified that the complaint had been properly sworn to and executed and that probable cause existed for the issuance of process.

If the Rule 1100 period begins when the private complaint is executed before the district justice, defendant should be discharged because the 180-day period expired May 7, 1979. On the other hand, if the Rule 1100 period begins when the complaint is approved by the attorney for the Commonwealth (as required by Rule 133(B) and 134(a)I, the Rule 1100 period will not expire until June 4, 1979, and therefore defendant's application to dismiss must be denied.

We have been unable to find any appellate court decisions directly deciding this issue. However, two Pennsylvania Superior Court judges stated in their concurring opinion: "I would, therefore, hold that Rule 1100 started to run from the date on which the complaint was filed with and approved by the District Magistrate." Com. v. James, _____ Pa. Superior Ct. _____, 392 A. 2d 732, 738 (1978). Since

approval of private criminal complaints is required of the attorney for the Commonwealth rather than district magistrates, this court is uncertain of the meaning of the concurring justice's dictum. See Pa.R.Crim.P. 133(B) and 134.

It is clear that (except in exceptional circumstances which are not relevant here) process may not issue until the district attorney's office has approved the private criminal complaint and the district magistrate has thereafter certified that the complaint is in proper form and supported by probable cause: Pa.R.Crim.P. 134(b). Since the district attorney approved the complaint on December 5, 1978, and the magistrate certified it on December 14, 1978, the Rule 1100 period has not yet expired if measured from their actions.

The concurring judges also stated that "criminal proceedings commence when process may potentially issue, rather than when it actually does issue." Id.

By sending this private criminal complaint to the district attorney's office for approval or disapproval, the district magistrate impliedly found that the offense did not involve such a "clear and present danger" as to permit him to issue process prior to approval by the district attorney's office. Hence, process could not even potentially issue until the district attorney's office had had a reasonable period in which to approve or disapprove the complaint: Pa.R.Crim.P. 134; Com. v. James,＿＿Pa. Superior Ct. ＿＿, 392 A. 2d 732 (1978) (reversed on other grounds). Therefore we find that the Rule 1100 period did not begin to run until at least the private criminal complaint was approved by the district attorney's office. Consequently, the 180-

day speedy trial period has not yet expired, and defendant's application for dismissal must be denied.

In accordance with the above opinion, we enter the following

ORDER

And now, May 15, 1979, defendant's application to dismiss pursuant to Pa.R.Crim.P. 1100 is denied.