410 A.2d 832

**COMMONWEALTH of Pennsylvania**

v.

**James PHILLIPS, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1978.

Submitted Oct. 26, 1978.

Filed Sept. 19, 1979.

538

John R. Cook, Assistant Public Defender, Pittsburgh, for appellant.

Charles W. Johns, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before PRICE, HESTER and LIPEZ, JJ.

PRICE, Judge:

Following a non-jury trial conducted on February 1, 1977, appellant was convicted of aggravated assault [1] and carrying a firearm without a license.[2] Post-trial motions for a new trial and in arrest of judgment were denied, and on December 19, 1977, appellant was sentenced to pay the costs of

1. 18 Pa.C.S. § 2702.
2. 18 Pa.C.S. § 6101.

prosecution and to undergo a term of imprisonment of not less than nine (9) months nor more than eighteen (18) months, to commence February 1, 1977. Appellant now contends that the evidence was insufficient to sustain the guilty verdict on the aggravated assault count. We disagree and consequently affirm the judgment of sentence.

Viewing the evidence in the light most favorable to the Commonwealth as verdict winner, *Commonwealth v. Mangini*, 478 Pa. 147, 386 A.2d 482 (1978), the following facts were adduced at trial. On October 1, 1976, James Lidell, the victim of the assault, was in Mason's Bar, an establishment located on Wylie Avenue, Pittsburgh. Mr. Lidell had been in the bar for approximately two hours and had consumed three or four beers when he bumped into appellant. An argument ensued between the two during which Mr. Lidell briefly turned away from appellant. When Mr. Lidell again faced appellant, the latter had a gun in his hand and Mr. Lidell was immediately hit in the leg by a single gunshot. The victim then exited the bar and walked down the street before collapsing. Prior to losing consciousness, he announced that he had been shot.

Two officers from the Pittsburgh Police Department subsequently found Mr. Lidell in a doorway outside the bar bleeding from a wound in the leg. Before being taken away by an ambulance, Mr. Lidell informed the police that he had been "shot by a man in a black coat" who was in a bar. N.T. 27. Following a brief search, appellant was found in Mason's Bar in the company of an infant and a black female. The victim was contacted through the medical squad, and he answered affirmatively that the individual with the gun had been in similar company. Appellant was then searched and a .32 caliber revolver was found in a belt holster on his right hip. The revolver had been recently fired and was fully loaded save for one spent shell. At trial, Mr. Lidell positively identified appellant as the person who had trained the gun on him.

In determining whether the evidence produced is sufficient to support a conviction, the test to be applied is whether, accepting as true all evidence and all reasonable inferences therefrom on which if believed the fact-finder could have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the accused is guilty of the crime charged. *Commonwealth v. Gallo,* 473 Pa. 186, 373 A.2d 1109 (1977); *Commonwealth v. Vogel,* 468 Pa. 438, 364 A.2d 274 (1976); *Commonwealth v. Deeters,* 255 Pa.Super. 343, 386 A.2d 1034 (1978). Nevertheless, guilt must be proved and not conjectured; the reasonable inference of guilt must be based on facts and conditions proved, not solely on suspicion or surmise. *Commonwealth v. Holguin,* 254 Pa.Super. 295, 385 A.2d 1346 (1978); *Commonwealth v. Navarro,* 251 Pa.Super. 125, 380 A.2d 409 (1977). With these principles in mind, we have little difficulty in determining that sufficient evidence was adduced to find appellant guilty of aggravated assault.

In pertinent part, aggravated assault is defined as follows:

"(a) . . . A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; . . . .

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon."

18 Pa.C.S. § 2702.

Appellant was charged under both subsections (a)(1) and (a)(4) of the above, but it is unclear upon which of these the trial court based its decision.[3] In its opinion, the trial court

**3.** A violation of subsection (a)(1) constitutes a felony of the second degree punishable by a prison term not exceeding ten years. 18 Pa.C.S. §§ 2702(b), 1103. Aggravated assault under subsection (a)(4) is a misdemeanor of the first degree punishable by a prison term not exceeding five years. 18 Pa.C.S. §§ 2702(b), 1104. Appellant's sentence was well within either statutory limit.

apparently relied on the former when it concluded that "to shoot a person in the leg with a .32 caliber revolver clearly is conduct causing serious bodily injury under circumstances manifesting extreme indifference to the value of human life." Opinion at 2. For the purposes of this appeal, however, the question is academic;[4] the evidence is sufficient to sustain a determination of guilt with respect to either subsection.

Section 2301 of the Criminal Code defines serious bodily injury as a "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Instantly, Mr. Lidell was forced to spend two weeks in the hospital and was unable to walk for a month. N.T. 16–17. Such an injury is clearly within the ambit of a "protracted . . . impairment of . . . any bodily member or organ." *Cf. Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887 (1978) (black eye, fractured nose caused by blow with fist not classified as serious bodily injury). In addition, the trial judge, acting as fact-finder, accepted the victim's testimony that appellant pointed the gun in the direction of his leg. Although appellant stated that the gun was in a bag and discharged accidentally, it was within the purview of the finder of fact to disbelieve such testimony. *Commonwealth v. Tillery*, 457 Pa. 466, 326 A.2d 329 (1974); *Commonwealth v. Rambo*, 250 Pa.Super. 314, 378 A.2d 953 (1977). Because criminal intent may be proved by circumstantial evidence, *Commonwealth v. Alexander, supra; Commonwealth v. Caye*, 465 Pa. 98, 348 A.2d 136 (1975); *Commonwealth v. Taylor*, 461 Pa. 557, 337 A.2d 545 (1975), it is evident that the act of pointing the gun at the victim evidenced appellant's intent to cause serious bodily injury. Thus, all requirements of 18 Pa.C.S. § 2702(a)(1) are satisfied.

4. Appellant does not comment on this matter in his brief to this court.

From the foregoing analysis, it is obvious that the necessary elements of 18 Pa.C.S. § 2702(a)(4) are also present. Appellant intentionally caused bodily harm to Mr. Lidell by employing a deadly weapon—a .32 caliber revolver—to inflict a serious leg wound. The evidence was thus sufficient.

■ In any event, although we are satisfied that the evidence was indeed sufficient, appellant's argument is directed more toward the credibility of the witnesses. He contends that "the scarcity of evidence and contradiction of the testimony" indicates that the evidence was insufficient. This is specious. To reiterate, the fact-finder is free to believe all, part, or none of a witness's testimony. *Commonwealth v. Whack*, 482 Pa. 137, 393 A.2d 417 (1978); *Commonwealth v. Washington*, 259 Pa.Super. 407, 393 A.2d 891 (1978); *Commonwealth v. Darush*, 256 Pa.Super. 344, 389 A.2d 1156 (1978).

Appellant testified that he was carrying the gun in a paper bag because he had just returned from a gun repair shop. The proprietor of the shop advised him that as the gun was registered to his wife, she would have to bring it in. Upon arriving at the bar following his unsuccessful attempt to repair the gun, appellant met his wife. As he was endeavoring to remove the jammed pin in the revolver, appellant noticed Mr. Lidell shouting at his wife. He testified that he then returned the gun to the bag and placed it on the bar. As he stepped into the aisle, Mr. Lidell swung at him and the gun discharged. Appellant stated that he did not pull the trigger of the revolver, although he did not offer an explanation for its discharge. Appellant's wife repeated many of the same details, and added that she observed a flash when the revolver fired.

The trial judge found that appellant's "version of the incident was simply not believable." Opinion at 2. Such a determination of credibility was within the domain of the fact-finder, and we will not disturb that conclusion.

The judgment of sentence is therefore affirmed.