430 A.2d 688

### In re Melvin AMOS.

### Appeal of Melvin AMOS.

Superior Court of Pennsylvania.

Argued Nov. 10, 1980.

Filed May 29, 1981.

447

Raymond H. Bogaty, Grove City, for appellant.

Harry A. Penich, Assistant District Attorney, Mercer, for Commonwealth, participating party.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

Appellant, a juvenile, was adjudicated delinquent[1] after the court below found that he had committed acts constitut-

1. 42 Pa. C.S. § 6341.

ing criminal attempt[2] and conspiracy.[3] The evidence, however, is insufficient to prove beyond a reasonable doubt[4] appellant's commission of any delinquent acts,[5] and we reverse.

Several hours prior to the incident on which this case is founded, police officers on routine patrol saw appellant standing in an alley (which was a public thoroughfare). The next time they passed the alley, appellant was gone. Some time after this sighting, they received a report of the theft of a citizen's band radio from a car in the general area. Later that evening, a young black man entered a church near the intersection at which was parked the car into which appellant is accused of conspiring to break, explained that he had locked his keys inside his car by accident, and asked for a coat hanger in order to facilitate his reentry into the vehicle. Having asked, he received, and departed the premises. As witnesses, the three persons who had been inside the church at that time described the man in the most general terms as a teenaged black male wearing a short jacket, dark trousers or jeans, and a cap. Each of the three stated that he or she could not identify the man. One testified that appellant was not he.

Robert Churlik testified that he had been driving through the area and had seen two persons on the street. One, he said, was crouched at the right front passenger door of a parked car; he saw the other walk across the street and back twice, "[l]ooking all around." The second individual did nothing unusual when he saw Churlik's car. No signs of recognition or other indication of joint activity passed between the two individuals. Other witnesses testified that

2. 18 Pa. C.S. § 901.

3. 18 Pa. C.S. § 903.

4. 42 Pa. C.S. § 6341(b).

5. Title 42 Pa. C.S. § 6302 provides, in pertinent part:
   The term [delinquent act] means an act designated a crime under the law of this Commonwealth, or of another state if the act occurred in that state, or under Federal law, or under local ordinances.

they had seen appellant merely standing on the street corner.

Police officers testified that, as they arrived at the crime scene, appellant was standing on the street corner. He did not flee, or attempt to do so, and gave his name and address when asked for them by the officers. The person crouched at the car fled, but was apprehended a short distance away.

In determining on appeal whether evidence is sufficient to sustain a criminal conviction, we view the evidence, and all inferences reasonably drawn therefrom, in the light most favorable to the Commonwealth as verdict winner. *Commonwealth v. Horne*, 479 Pa. 496, 388 A.2d 1040 (1978). Speculation and conjecture, however, will not support a conviction. *Commonwealth v. Turner*, 270 Pa.Super. 58, 61, 410 A.2d 895, 897 (1979); *Commonwealth v. Holguin*, 254 Pa.Super. 295, 385 A.2d 1346 (1978); *Commonwealth v. Navarro*, 251 Pa.Super. 125, 380 A.2d 409 (1977).

Mere presence at the scene of a crime is not sufficient circumstance upon which guilt may be predicated. *Commonwealth v. Stanley*, 453 Pa. 467, 309 A.2d 408 (1973); *Commonwealth v. Smith*, 264 Pa.Super. 303, 399 A.2d 788 (1979). There must be other evidence of participation in the alleged crime. *Commonwealth v. Goodman*, 465 Pa. 367, 350 A.2d 810 (1976).

The fundamental weakness in the Commonwealth's case is the absence of any connection between appellant's presence and innocuous actions at the scene and the person who attempted to break into the car. As detailed above, there was no evidence of any conduct on the part of appellant besides standing on the corner and walking across the street. Since even presence at the scene of a crime in company with the alleged perpetrator thereof has been held not sufficient to sustain a conviction, *Commonwealth v. Garrett*, 423 Pa. 8, 222 A.2d 902 (1966), *a fortiori*, mere presence a short distance from the alleged perpetrator, with no other connection, is likewise not sufficient. Because the evidence of appellant's participation was so weak and incon-

clusive, as a matter of law, the inferences of fact necessary to established guilt could not be reasonably drawn.

Adjudication reversed and appellant discharged.

WICKERSHAM, J., files dissenting statement.

WICKERSHAM, Judge, dissenting:

I would affirm the conclusion reached by Judge Albert E. Acker that there was much more than mere presence of the defendant at the scene of the crime and that the defendant was in the position of a typical look-out.